# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | |
| MICHAEL A. PELLEGRINO | ) | Case No. 18-08362 |
| | ) | |
| Debtor. | ) | Honorable LaShonda A. Hunt |
| | ) | Hearing Date: Thursday |
| | ) | November 15, 2018 at 10:00 a.m. |

## NOTICE OF MOTION

      PLEASE TAKE NOTICE that on **Thursday, November 15, 2018 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable LaShonda A. Hunt, Courtroom 719, United States Courthouse, 219 South Dearborn, Chicago, Illinois, or before any judge who may be sitting in his place or stead, and shall then and there present the ***Motion of Philip V. Martino, Chapter 7 Trustee, to Approve Settlement under Bankruptcy Rule 9019 with Michael Hand***, a copy of which is attached hereto and hereby served upon you, at which time and place you may appear as you see fit.

Dated: October 24, 2018                                                         PHILIP V. MARTINO, Trustee


                                                                                By:   /s/ Philip V. Martino
                                                                                      One of his attorneys

Philip V. Martino
Travis J. Eliason
QUARLES & BRADY LLP
300 N. LaSalle Street, Suite 4000
Chicago, Illinois 60654-3406
(312) 715-5000

QB\54440391.2

## **CERTIFICATE OF SERVICE**

Travis J. Eliason, an attorney, certifies that on October 24, 2018, he caused the **Notice of Motion** for the **Motion of Philip V. Martino, Chapter 7 Trustee, to Approve Settlement under Bankruptcy Rule 9019 with Michael Hand**, to be served by operation of the Court's electronic filing system to all ECF recipients registered in this case.

- Richard H. Fimoff          rfimoff@rsplaw.com
- Patrick S. Layng           USTPRegion11.ES.ECF@usdoj.gov
- Jonathan E. Aberman        jaberman@dykema.com
- Maria A. Diakoumakis       mdiakoumakis@dykema.com
- Michael A. Pellegrino      m.pellegrino3@gmail.com

In addition to the ECF service, the following parties on the attached service list were served by U.S. mail on October 24, 2018.

VIA U.S. MAIL

Michael A. Pellegrino
651 S. Sutton Road, #209
Streamwood, Illinois 60107-2366

| | | |
|---|---|---|
| AMITA Healthcare<br>22589 Network Place<br>Chicago, IL 60673-1225 | AMITA Healthcare<br>Alexian Brothers Medical Center<br>3040 W. Salt Creek Lane<br>Arlington Heights, IL 60005-1069 | Advocate Good Shepherd Hospital<br>2701 High Point Dr., Suite 124<br>Lewisville, TX 75067 |
| Advocate Good Shepherd Hospital<br>P.O. Box 4248<br>Carol Stream, IL 60197-4248 | Advocate Health Care<br>P.O. Box 3039<br>Hinsdale, IL 60522-3039 | Alexian Brothers<br>St. Alexius Medical Center<br>P. O. Box 3495<br>Toledo, OH 43607-0495 |
| Athletico<br>709 Enterprise Dr.<br>Oak Brook, IL 60523-8814 | Best Practices Inpatient Care, Ltd.<br>P.O. Box 268<br>Lake Zurich, IL 60047-0268 | Bryce, Downey, Lenkov LLC<br>200 N. LaSalle Street, Suite 2700<br>Chicago, IL 60601-1099 |
| City of Chicago<br>Emergency Medical Services<br>33589 Treasury Ctr.<br>Chicago, IL 60694-3500 | Creditors Discount & Audit Co.<br>415 E. Main St.<br>P.O. Box 213<br>Streator, IL 61364-0213 | Lavely & Singer<br>2049 Century Park East, Suite 2400<br>Los Angeles, CA 90067-3126 |
| Lincare Inc.<br>3556 Lakeshore Rd., Suite 214<br>Buffalo, NY 14219-1400 | Lincare Inc.<br>P.O. Box 105760<br>Atlanta, GA 30348-5760 | Mercy Health System<br>1000 Mineral Point Ave.<br>Janesville, WI 53548-2940 |

| | | |
|---|---|---|
| Mercy Health System<br>P.O. Box 5003<br>Janesville, WI 53547-5003 | Michael D. Hand<br>100 Corporate Pointe, Suite 210<br>Culver City CA 90230-8754 | Michael Hand c/o Law & Stein<br>2601 Main Street, Suite 1200<br>Irvine, CA 92614-4240 |
| MiraMed Revenue Group<br>Dept. 77304<br>P.O. Box 77000<br>Detroit, MI 48277-0304 | MiraMed Revenue Group, LLC<br>360 E. 22nd St.<br>Lombard, IL 60148-4924 | Northwest Neurology Ltd.<br>22285 Pepper Road, Suite 401<br>Barrington, IL 60010-2542 |
| Northwestern Med Fac Foundation<br>38693 Eagle Way<br>Chicago, IL 60678-1386 | Northwestern Med Fac Foundation<br>Professional Billing Dept.<br>680 N. Lake Shore, Suite 1000<br>Chicago, IL 60611-8709 | Northwestern Memorial Hospital<br>P. O. Box 73690<br>Chicago, IL 60673-7690 |
| Premier Arlington Heights<br>P.O. Box 674242<br>Dallas, TX 75267-4242 | Prescription Partners, LLC<br>Post Office Box 166363<br>Miami, FL 33116-6363 | Regency Medical Center, P.C.<br>200 Fox Glen Drive<br>Barrington, IL 60010-1809 |
| Shuki Levy Productions<br>Logan M. Elliott<br>2049 Century Park East, #2300<br>Los Angeles, CA 90067-3125 | St. Alexius Medical Center<br>22589 Network Place<br>Chicago, IL 60673-1225 | St. Alexius Medical Center<br>Attn: PFS Alexian Assistance Team<br>3040 W. Salt Creek Lane<br>Arlington Heights, IL 60005-1069 |
| St. Joseph Hospital Pl.<br>2900 N. Lake Shore Drive<br>Chicago, IL 60657-6274 | State Collection Service, Inc.<br>2509 S. Stoughton Rd.<br>Madison, WI 53716-3314 | State Collection Service, Inc.<br>P.O. Box 6250<br>Madison, WI 53716-0250 |
| Suburban Orthopaedics LLC<br>1110 West Schick Road<br>Bartlett, IL 60103-3007 | Wheaton Eye Clinic<br>2015 North Main Street<br>Wheaton, IL 60187-3190 | |

Parties may access this filing through the Court's system.

/s/ Philip V. Martino
Philip V. Martino

I SWEAR UNDER PENALTY OF PERJURY
THAT THE FOREGOING IS TRUE AND CORRECT

Philip V. Martino
Travis J. Eliason
QUARLES & BRADY LLP
300 N. LaSalle Street, Suite 4000
Chicago, Illinois 60654-3406
(312) 715-5000

QB\54440391.2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | |
| **MICHAEL A. PELLEGRINO** | ) | Case No. 18-08362 |
| | ) | |
| **Debtor.** | ) | Honorable LaShonda A. Hunt |
| | ) | Hearing Date:  Thursday |
| | ) | November 15, 2018 at 10:00 a.m. |

**MOTION OF PHILIP V. MARTINO,
CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT UNDER
BANKRUPTCY RULE 9019 WITH MICHAEL HAND**

Philip V. Martino, the duly appointed and serving Chapter 7 trustee ("**Trustee**") for the estate of the above-captioned debtor (the "**Debtor**"), by his attorneys, respectfully requests that the Court enter an Order, pursuant to Bankruptcy Rule 9019, approving the settlement set forth below reached between Trustee and Michael Hand ("**Hand**").  In support, Trustee states:

**Jurisdiction**

1.This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(a) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2.Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.This motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.The statutory basis for the relief requested herein is Federal Rule of Bankruptcy Procedure 9019.

QB\54440391.2

**Background**

5. On March 22, 2018, (the "**Petition Date**"), the Debtor, through counsel, filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), and Trustee was appointed.

6. On August 15, 2018, counsel for the Debtor was granted leave to withdraw. *See* Dkt. No. 39. Debtor has not retained separate counsel since that time.

7. According to the Debtor's schedules, the Debtor asserts that he has: (a) a 100% ownership interest in Relentless Entertainment, LLC ("**Relentless**"); (b) a 49% ownership interest in Wonderfish Media, LLC ("**Wonderfish**"); and (c) an ownership interest in certain intellectual property concepts more fully described in Section 26 of Schedule A/B (the "**IP**"). *See* Dkt. No. 1, Schedule A/B, pp. 3-4.

8. Hand asserts that the Debtor has no interest in Relentless or Wonderfish. Rather, Hand asserts that the Debtor was formerly the non-equity owning manager of Relentless until being removed by Hand; that Wonderfish is equally owned by Relentless and an unrelated third party limited liability company; and prior to being removed by Relentless, the Debtor acted as Relentless' representative for co-management of Wonderfish.

9. Hand also asserts that Relentless bought and paid for the IP directly from its creator, Shuki Levy ("**Levy**"), and that the Debtor has no interest in the IP.

10. Hand next asserts that certain funds belonging to Relentless were fraudulently converted and used by the Debtor to purchase two residences in Bartlett, Illinois (the "**Real Property**"), originally in the names of the Debtor's mother, in one instance, and the Debtor and his wife, in the other instance. Hand asserts that, based upon the Debtor's alleged use of Relentless' funds for the acquisition of the Real Property, Relentless is the equitable owner of the

Real Property and all causes of action related to the purportedly converted funds (the "**Causes of Action**"), and that the bankruptcy estate has no claim to either the Real Estate or the Causes of Action.

11.     Lastly, Hand asserts that he owns a minority interest in The Authors World, LLC ("**TAW**"), and that, although Debtor has not scheduled an ownership interest in TAW, it is Hand's belief that Debtor owns the balance of TAW.  Hand asserts that he is a passive investor/creditor of TAW and has no knowledge of TAW's assets or liabilities.

12.     According to Debtor's Statement of Financial Affairs, there is currently pending in the state of California: (a) litigation between Levy's production company, on the one hand, and Debtor and Wonderfish, on the other, which, upon information and belief, relates to Wonderfish and the IP and (b) litigation between Hand and Debtor which, upon information and belief, relates to Relentless, Wonderfish, TAW and Debtor's improper use of funds provided by Hand.  Upon information and belief, the foregoing litigation relates to certain of the Assets (as defined below) and that litigation is protracted and full of personal animus. Dkt. No. 1, SOFA, p. 3.

## Estate Liquidation to Date

13.     This estate has no liquid assets and the assets it does have are embroiled in litigation.  While Trustee has spoken with counsel for Levy, he has not received any offer from him to purchase the estate's position in the assets claimed by Hand.   Thus, Hand's offer is the only—and therefore the best—for assets that promise little more than a seat in a courtroom.

## SETTLEMENT TERMS

14.     In the interest of resolving their disputes cost-effectively and avoiding the delay, expense, and uncertainty inherent in litigation, Trustee and Hand have agreed to settle any and

all claims the estate may have with respect to Relentless, Wonderfish, TAW, the IP, the Real Property, and the Causes of Action (collectively, the "**Assets**"). The terms of the Settlement are as follows:[1]

(a) <u>Payment to the Estate</u>. In exchange for and prior to Trustee's performance under subpart (b), Hand has agreed that he will pay to the estate the sum of Five Thousand and 00/100 ($5,000.00) in certified funds, to be paid in a manner acceptable to Trustee in his sole discretion.

(b) <u>Quit Claim of Assets</u>. In exchange for and upon Hand's performance under subpart (a), Trustee has agreed to quit claim the estate's interest in the Assets to Hand, without warranty or representation as to ownership or value of the Assets, and without prejudice to the claims of any third-party with respect to the Assets.

## LEGAL ARGUMENT

15. Trustee asks the Court to enter an order approving the Settlement.

16. The Court has broad discretion under Fed. R. Bankr. P. 9019(a) to approve a settlement provided that it is in the best interests of the Debtor's estate. *See In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987). The Court need not, however, "conclusively determine claims subject to compromise, nor find that the settlement constitutes the best result obtainable." *In re Apex Oil Co.*, 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988) (citing *In re W.T. Grant Co.*, 699 F.2d 599, 613 (2d Cir. 1983)). Similarly, "a precise determination of likely outcomes is not required, since 'an exact judicial determination of the values in issue would defeat the purpose of compromising the claim.'" *In re Telesphere Communications*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (quoting *In re Energy Co-Op, Inc.*, 886 F.2d 921, 929 (7th Cir. 1989)). All that is required is for the Court to "canvass the issues to determine that the settlement does not fall 'below the lowest point in the range of reasonableness.'" *Apex Oil*, 92 B.R. at 867 (citation omitted).

---

[1] Trustee and Hand intend that any Order entered by the Court will function as Trustee and Hand's written Settlement Agreement.

17.  In assessing a proposed compromise, the Court must consider: (i) the estate's probability of success in the litigation; (ii) the cost and complexity of the litigation; and (iii) the creditors' views on the settlement, although such views are not controlling. *American Reserve*, 841 F.2d at 161-62; *Apex Oil*, 92 B.R. at 867.

18.  Here, the cost and expense to the Trustee of pursuing the estate's interest, if any, in the Assets would be substantial, given the complexity of Hand's allegations, the nature of the transactions at issue, and the above-referenced litigation already pending in California. Moreover, the estate has no funds to expend on inherently uncertain litigation.

19.  Trustee and Hand have engaged in arm's-length negotiations regarding the issues addressed by the Settlement. Trustee has concluded in his business judgment that the Settlement is in the best interests of the Debtor's estate. The Settlement will (a) bring funds into the estate for the benefit of unsecured creditors, and (b) avoid the time and expense attendant to the Trustee pursuing claims with respect to the Assets, against which Hand has indicated an intent to vigorously defend. Resolution of these issues will permit the Trustee to fully administer and close the Debtor's bankruptcy estate in a more efficient and expeditious manner.

20.  For all of the reasons set forth herein, the Trustee asks that the Court enter an order approving the Settlement.

## Notice

21.  This Motion has been filed electronically, and notice thereof will be provided electronically on the date hereof, via the Court's CM/ECF System, to (a) counsel for the United States Trustee, and (b) entities, or their counsel, who have filed a notice of appearance through the Court's CM/ECF System. Additionally, this Motion and notice thereof will be served on the Debtor via U.S. mail and via electronic mail. Further, this Motion and notice thereof will be

served on all creditors listed on the Creditor Mailing Matrix via U.S. Mail. The Trustee asks the Court to find that such notice is sufficient and to approve the same under Fed. R. Bankr. P. 9007.

**WHEREFORE**, Trustee prays that an order be entered (i) approving the Settlement as described herein, and (ii) granting such further relief as is reasonable and just.

Dated: October 24, 2018                                    PHILIP V. MARTINO, Trustee


                                                           By:   /s/ Philip V. Martino
                                                                 One of his attorneys

Philip V. Martino
Travis J. Eliason
QUARLES & BRADY LLP
300 N. LaSalle Street, Suite 4000
Chicago, Illinois 60654-3406
(312) 715-5000